## Suter et al. v. The Monongahela Railway Co. et al.

Before Carr, P. J., Morrow and Cottom, JJ.

*E. C. Sloan* and *James H. Gray*, for plaintiffs.

*A. M. Donner, Dean D. Sturgis, Richard N. Clatterbury, Shelby, Ray & Coldren* and *Mulholland, Robie & McEiven*, for defendants.

CARR, P. J., November 24, 1947.—Preliminary objections to the bill filed in this case raised questions of laches. The action was brought against the Monongahela Railway Company, System Federation No. 103 of the Railway Employees Department of the American Federation of Labor, Mechanical Section No. 1, and five of its affiliated local lodges, by 14 employes of the

railway company for restoration of seniority rights and for an accounting.

The cause of action pleaded is that on December 5, 1933, the railway company and the system federation, as representative of its affiliated local lodges, entered into a new collective bargaining contract by the terms of which seniority rights of the employes of the railway company then existing were recognized, established, and provided for; that in violation of said contract the railway company and the system federation agreed upon and published on January 16, 1934, two seniority rosters, one called "In Service Seniority Roster", containing only the names of employes in active service and omitting the names of plaintiffs and others on "furlough", and the other called "Furloughed Seniority Roster", containing the names of plaintiffs and other "furloughed" employes; that by the device of two separate rosters, since continuously maintained, the plaintiffs, though senior to persons on the "In Service Roster" by virtue of earlier entry into service, were relegated to a status inferior to them and accordingly denied reëntry into active service in the order to which they were entitled.

It seems clear that plaintiffs' cause of action arose when the two rosters complained of were published pursuant to the agreement between the railway company and the system federation, that is, on January 16, 1934, 12 years before the bill was filed. Plaintiffs knew then, or had reason to know, the status to which they had been assigned and that they would not be eligible for recall to active service so long as employes whose names appeared on the "In Service Seniority Roster" were available. They do not plead any ignorance of these facts or indeed any excuse whatever for the long delay. Since that time, as they themselves aver, the railway company has paid others to fill positions to which seniority might have entitled them, and the allowance of their claims now would manifestly result

in great pecuniary loss to the railway company that would have been avoided had they not unreasonably delayed in instituting the action. We are therefore of opinion that the bill is barred by laches.

We observe that, though fraud is alleged generally, no facts are averred that would give any substance to such a charge. The continued status of employes who have been laid off, especially for protracted periods, is well recognized as a proper subject of collective bargaining between the employer and the union in furtherance of the common good. The case does not essentially differ from Madera v. Monongahela Railway Co. et al., 356 Pa. 460; adjudication below, 9 Fayette 27.

### Decree

And now, November 24, 1947, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows:

1. That the preliminary objections 13 and 14, ex parte Monongahela Railway Company, defendant, and 14 and 15, ex parte System Federation Number 103 of the Railway Employees Department of the American Federation of Labor et al., be and they are hereby sustained.

2. That the bill be and it is hereby dismissed.

3. That plaintiffs pay the costs of this proceeding.